UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Roger A. Sevigny, the Commissioner of Insurance of the :
State of New Hampshire, as Liquidator of :
The Home Insurance Company, : 16 Civ. 4874
:
                Plaintiff, :
: **COMPLAINT**
   -and- :
: **JURY TRIAL**
: **DEMANDED**
Trygvesta Forsikring A/S, as successor in interest to :
Skandinavia Insurance Company Ltd., :
:
                Defendant. :
------------------------------------------------------------------x

## PARTIES

    1.    The Home Insurance Company ("Home"), is an insurance company organized and existing under the laws of New Hampshire, with its principal place of business in New York, New York. Home was declared insolvent and placed into liquidation pursuant to the June 13, 2003 Order of the New Hampshire Superior Court, Merrimack County (the "Liquidation Court"). Pursuant to the order of liquidation, the Liquidation Court appointed the New Hampshire Insurance Commissioner (the "Commissioner") as the liquidator of Home (the "Liquidator") and thus this action is being brought by the Commissioner solely in his capacity as Liquidator of Home.

    2.    Defendant Trygvesta Forsikring A/S ("Tryg") is a Danish insurer with offices in Denmark. Upon information and belief, Tryg is the successor to Skandinavia Insurance Company Ltd. ("Skandinavia") under various reinsurance contracts which Skandinavia issued as a member of the Agency Managers Limited Reinsurance Pool ("Agency Managers Pool").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

4. Venue lies with this Court under 28 U.S.C. § 1391. Tryg is subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

5. This action involves individual facultative reinsurance certificates issued by Skandinavia to Home.

6. Facultative reinsurance involves a reinsurer providing reinsurance of an individual risk, as opposed to treaty reinsurance, wherein a reinsurer agrees to provide reinsurance to an entire class of risks.

7. Skandinavia issued facultative reinsurance certificates under which it reinsured Home.

8. Tryg succeeded to Skandinavia's rights and obligations under those facultative reinsurance certificates.

9. Tryg has breached its obligations under the facultative reinsurance certificates by failing to pay Home promptly for monies owed.

## FACTUAL BACKGROUND

10. Beginning not later than 1964, Home issued insurance policies insuring: (i) Eli Lilly & Company; (ii) International Telephone and Telegraph Corp. ("IT&T"); and (iii) General Cable Corp. (collectively, the "Home Insurance Policies").

11. Home purchased facultative reinsurance from Skandinavia in respect of the Home Insurance Policies.

12. Skandinavia issued to Home Facultative Reinsurance Certificate Number 644

reinsuring Home in respect of Home Insurance Policy HEC 9544381, which insured Eli Lilly & Company. A copy of Home Facultative Reinsurance Certificate Number 644 is annexed hereto as Exhibit A.

13. Skandinavia issued to Home Facultative Reinsurance Certificate Number 907 reinsuring Home in respect of Home Insurance Policy HEC 9555221, which insured General Cable Corp. A copy of Home Facultative Reinsurance Certificate Number 907 is annexed hereto as Exhibit B.

14. Skandinavia issued to Home Facultative Reinsurance Certificate Number 544 reinsuring Home in respect of Home Insurance Policy HEC 9543651, which insured IT&T. A copy of Home Facultative Reinsurance Certificate Number 544 is annexed hereto as Exhibit C.

15. Collectively, Facultative Reinsurance Certificate Numbers 644, 907, and 544 are referred to herein as the "Facultative Reinsurance Certificates."

16. Home fulfilled its obligations under the Facultative Reinsurance Certificates and paid all reinsurance premiums due.

17. On information and belief, in or about 1995, Tryg purchased Skandinavia, and, from 1995 Tryg made payments for Skandinavia's share of the Facultative Reinsurance Certificates.

18. Despite, however, billings in the ordinary course and demands for payment, Tryg, as the successor to Skandinavia, has now failed to pay: (i) $7,410.21 due under Facultative Reinsurance Certificate No. 644 (Eli Lilly & Company); (ii) $19,943.73 due under Facultative Reinsurance Certificate No. 907 (General Cable Corp.); and (iii) $197,532.19 due under Facultative Reinsurance Certificate No. 544 (IT&T).

## COUNT I
## BREACH OF CONTRACT

19. Home repeats and realleges the foregoing paragraphs.

20. The Facultative Reinsurance Certificates oblige Tryg, as the successor to Skandinavia, to indemnify Home for its share of the amounts paid under the Home Insurance Policies.

21. Despite billings in the ordinary course and demands for payment, and in breach of its obligations, Tryg has failed to pay $224,886.13 due to Home under the Facultative Reinsurance Certificates.

22. Home has been damaged by Tryg's breaches in the amount of $224,886.13.

## REQUEST FOR RELIEF

WHEREFORE, the Liquidator demands judgment against Tryg as follows:

(i) Awarding compensatory damages in the amount of $224,886.13;

(ii) Awarding costs, interest and attorneys' fees; and

(iii) Granting any other relief that the Court deems proper and just.

Dated: New York, New York
June 23, 2016

[signature]

Daniel Hargraves (DH-3698)
James McConnell (JM-3428)

HARGRAVES McCONNELL & COSTIGAN, P.C.
The Helmsley Building
230 Park Avenue, Suite 630
New York, New York 10169
(212) 218-8760

*Attorneys for Plaintiff*

*Roger A. Sevigny, Insurance Commissioner of the State of New Hampshire, solely as Liquidator of The Home Insurance Company*

5